

©COPY

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

KURTIS JOHNSON

VERSUS

JACKSON COUNTY SHERRIF'S DEPARTMENT;
SHERRIF MIKE BYRD, in his Official Capacity as
Sheriff of Jackson County, Mississippi;
LINDA JONES, in her Official Capacity as a Deputy/
Investigator for the Jackson County Sheriff's Department,
and in Her Individual Capacity; JEANA JOHNSON,
Individually; JEANNIE LOWERY, Individually; JACKSON
COUNTY BOARD OF SUPERVISORS AND UNKNOWN
JOHN & JANE DOES A, B, C, D, E, F, G, H

PLAINTIFF

CAUSE NO.: 2012-00022

**FILED**

APR 1 8 2012

JOE W. MARTIN, JR. CLERK
By_____D.C.

DEFEDANTS

### AMENDED COMPLAINT
### (Jury Trial Requested)

The plaintiff, Kurtis Johnson, by and through undersigned counsel, files this, his

Complaint against the defendants set forth herein, seeking monetary damages, and in

support thereof shows the following:

I.

The plaintiff, Kurtis Johnson, is an adult resident citizen of Harrison County,

Mississippi, who currently lives in Biloxi, Mississippi.

II.

The defendants are:

a.      Jackson County Sheriff's Department, Mississippi is a political

subdivision of the State of Mississippi created and organized under the

laws of the State of Mississippi.  Service of process may be made upon the

President or Clerk of the Jackson County Board of Supervisors located at



3104 South Magnolia Street, Pascagoula, Mississippi 39567, or Post Office Box 998, Pascagoula, Mississippi 39568-09989; and

b.   Mike Byrd ("Byrd"), an adult resident citizen of Jackson County, Mississippi, who at all material times was the elected and acting Sheriff of Jackson County who may be served with process at his office located at 3104 Magnolia Street, Pascagoula, Mississippi 39567 or Post office Box 998, Pascagoula, Mississippi 39568-0998.   Sheriff Byrd is sued in his official capacity as the duly elected Sheriff of Jackson County; and

c.   Linda Jones ("Jones"), who was employed by Jackson County as a Deputy/Trainee Sheriff was acting in this capacity on July 15, 2010, and who may be served process at her business address at 3104 Magnolia Street, Pascagoula, Mississippi 39567 or Post office Box 998, Pascagoula, Mississippi 39568-0998.   Jones is sued in her official capacity as a Jackson County deputy and in her individual capacity; and

d.   Defendant Jeanna Johnson, ("Johnson") is the ex-wife of the plaintiff and Defendant Jeannie Lowery ("Lowery") is the ex-mother-in-law of the plaintiff.   Both of these defendants may be served in a manner as prescribed by Mississippi law; and

e.   Jackson County Board of Supervisors, Mississippi is a governmental entity that may be served with process by service upon the Honorable mike Mangum, President of the Jackson County Board of Supervisors in accordance with Rules 4 and 81 of the Mississippi Rules of Civil

Procedure, who may be served with process at 1723 Kenneth Street, Pascagoula, Mississippi 39567; and

f.    Defendants, John & Jane Does A-H are individuals, corporations, or other entities who caused or contributed to the injuries and damages of the plaintiff addressed herein, but whose identities are at present unknown to the plaintiff.  It is anticipated that Jackson County, Mississippi is a proper defendant under the Mississippi tort claim act and the plaintiff shall amend his pleadings once the expiration of the 90 day period.  Plaintiff will amend his Complaint at a future date to properly identify any other John and Jane Doe Defendants, if any, once their true identity(ies) are learned.

III.

Byrd and Jones were members of the Jackson County Sheriff's department and at all material times.  Byrd and Jones were acting as officers of the Jackson County Sheriff's Department.

IV.

That all of the defendants are jointly and severally liable for the actions complained herein.

V.

This is a civil action for:

a.    Damages for the unlawful and false arrest and imprisonment of the plaintiff, Kurtis Johnson, and violation of rights secured by State law, which acts were committed by all defendants while acting under the color of state law;

b.  Malicious prosecution of the plaintiff by the defendants;

c.  The intentional or, in the alternative, negligent infliction of emotional

distress;

d.  Negligence;

e.  Cost and attorney's fees, and

f.  All other legal and equitable relief to which the plaintiff may be

entitled.

<u>FACTS</u>

VI.

On May 20, 2010, the plaintiff filed a modification of custody against Defendant

Jeanna Johnson in the Chancery Court of Jackson County, Mississippi; said case being

styled *Kurtis Johnson v. Jeanna Johnson*; **Cause No. 2008-0562.**

VII.

Shortly thereafter, and without regard to the rights of the plaintiff, Defendants

Johnson and Lowery approached the Jackson County Sheriff's office and initiated an

investigation for the alleged assault and sexual abuse by the plaintiff on one or both of his

minor sons.  Plaintiff would show that the case was assigned to Defendant Investigator

Jones, and on or about June 15, 2010, Jones conducted interviews and collected

statements from the defendants Johnson and Lowery, as well as Johnson's new husband.

Plaintiff would show that statements made to the investigator were false when made, and

were undertaken in an attempt to gain advantage in the civil action above described.

Further, on or about June 30, 2010, the minor children of the plaintiff were interviewed

4

and both children denied an assault or any other sexual abuse from their father, the plaintiff.

### VIII.

On or about July 13, 2010, Jones contacted the plaintiff and requested a taped statement regarding the allegations.   On July 14, 2010, the plaintiff and his attorney appeared at the Jackson County substation located in Ocean Springs, Mississippi for purposes of providing such a statement.  Upon the questioning of Jones by the attorney for the plaintiff as to the nature of the investigation, Jones refused to identify same and further refused to provide an incident report upon which the investigation was based. Jones advised the plaintiff and his attorney that she would immediately proceed to a judge in order to obtain an arrest warrant.

### IX.

Plaintiff would show that Jones did in fact fraudulently, maliciously and without probable cause did sign and execute an affidavit, contrary to Mississippi law, and presented same to a justice court judge who signed a warrant for the plaintiff's arrest. Notwithstanding the fact that the plaintiff was represented by counsel, Jones contacted the Long Bach Police Department in order that they execute the warrant at the plaintiff's place of employment.  The plaintiff would show that he and his attorney appeared  in Justice Court on January 20, 2011, and upon learning that the affidavit upon which the charges were based was signed by the investigating officer, the prosecutor immediately dismissed the charges.

## CLAIMS

### X.

Jones, unlawfully, negligently, grossly negligently, willfully, maliciously and/or callously caused the plaintiff's arrest and imprisonment by submitting a false and fraudulent affidavit.   Jones' acts were committed while she was engaged in the performance or execution of her duties as an officer of the Jackson County Sheriff's Department, and were undertaken in a reckless disregard of the rights and well being of the plaintiff.

### XI.

Jones' acts constituted negligence, gross negligence, and/or intentional torts in violation of Mississippi statutory and common law.

### XII.

The acts and omissions of Jones and the related lack of training and supervision by Jackson County, Sheriff Byrd, and her supervisors or superiors, were all clearly not objectively reasonable.  At all times, the defendants were acting under the color of State law.

### XIII.

Jones was, at all pertinent times, inadequately trained and supervised.  Jackson County's and the Sheriff's department's training procedures failed to adequately prepare Jones in investigative procedures and obtaining arrest warrants.

### XIV.

The Jackson County Sheriff's Department, Sheriff Byrd, and unknown supervising personnel knew or should have known that the training procedures of

deputies and, specifically, investigators were so inadequate, that some officers would violate the constitutional and statutory rights of citizens.

XV.

Jackson County and Sheriff Byrd, in his official capacity, established customs, policies and practices involving the training of officers, investigators and deputies; and the treatment of persons being brought within the custody of the Jackson County sheriff's Department and/or its deputies/officers/investigators.   These policies and procedures, written and/or unwritten, were a proximate cause of the deprivation of Mr. Johnson's civil, statutory and constitutional rights.

XVI.

The unwritten policies, customs and practices include but are not limited to, the following:

    a.    Inadequate and improper training, supervision and discipline of Jackson County investigators;

    b.    Inadequate and improper training, supervision and discipline of Jackson County Deputies/Investigators in proper investigatory procedures;

    c.    Inadequate and improper procedures and practices in screening, hiring, training, supervising and disciplining officers who practice, condone, or use the legal process for malicious reasons;

    d.    Inadequate or improper procedures, policies and practices for identifying and taking appropriate action against officers who are in need of additional training, re-training, corrective measures, reassignment, or other

7

non-disciplinary actions, through a positive or early warning system designed to prevent the violation of citizens rights;

e.    Condoning and allowing and failing to promulgate and enforce regulations prohibiting malicious prosecution and the filing of false charges; and

f.    Inadequate or improper procedures, policies and practices for the supervision of reservists and/or trainees involved in performing duties for the Jackson County Sheriff's Department.

XVII.

Jackson County, Sheriff Byrd, and/or other supervisors, knew or should have known that Jones was either not trained or inadequately trained on the proper investigatory practices and procedures necessary to obtain an arrest warrant.

XVIII.

The defendants are jointly and severally liable to the plaintiff for the plaintiff's damages.

## DAMAGES

XIX.

As a direct and proximate result of the defendants, and each of their official and/or omissions, the plaintiff suffered the following injuries and damages:

a.    Emotional distress, past and future;

b.    Mental distress, past and future;

c.    Embarrassment, past and future;

d.    Humiliation, past and future;

e.    Lost wages, past and future;

8

f.     Loss of wage earning capacity;

g.     Attorney's fees in defense of the criminal charges;

h.     Attorney's fees in the prosecution of this action;

i.     Other injuries and damages to be shown at the trial of this matter.

### XX

The plaintiff demands compensatory damages from the defendants, jointly and severally, in an amount sufficient to fully compensate the plaintiff for his injuries and damages, past and future, as determined by a Jury.

### PUNTIVE DAMAGES

### XXI

The defendants' actions were so extremely malicious, callous, indifferent, and/or committed with such reckless disregard for the rights of the plaintiff, that punitive damages are warranted.   The plaintiff seeks punitive damages from the defendants, jointly and severally, in an amount sufficient to punish the defendants for their misconduct, and to set an example to these and other similarly situated defendants.

WHEREFORE, PREMISES CONSIDERED, the plaintiff demands judgment against all defendants, individually, jointly and/or severally, in an amount in excess of the Court's jurisdictional minimum, for compensatory and punitive damages against all defendants to fully compensate the plaintiff for his injuries and damages, past and future, and to punish and deter defendants and others from committing similar conduct in the future, with attorney's fees; prejudgment interest from the date of judicial demand; post judgment interest; and all cost of court.

Respectfully Submitted, this the 18th day of April, 2012.


_____

DOUGLAS L. TYNES, JR.
Attorney for Plaintiff

Prepared by:

Douglas L. Tynes, Jr.
525 Krebs Ave. (39567)
PO Drawer 966
Pascagoula, MS  39568
Phone:  228-769-1199
Fax:  228-696-0111
MS Bar Bo.:  101921