IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KURTIS JOHNSON**                                                                   **PLAINTIFF**

v.                                                  **CAUSE NO. 1:12CV150 LG-JMR**

**JACKSON COUNTY SHERIFF'S
DEPARTMENT, ET AL.**                                      **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
JEANA JOHNSON'S MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT is the Motion for Summary Judgment [12] filed by defendant Jeana Johnson. The plaintiff has responded. Ms. Johnson requests summary judgment in regard to two claims in the Amended Complaint: malicious prosecution and negligence. The Court finds that there was no duty owed by Ms. Johnson, and therefore the negligence claim alleged against her will be dismissed. However, her statute of limitations defense to the malicious prosecution claim is without merit and the Motion will be denied in regard to that claim.

PLAINTIFF'S ALLEGATIONS

According to the Amended Complaint, plaintiff Kurtis Johnson filed a modification of custody in regard to his two sons in May 2010. Shortly thereafter, defendants Jeana Johnson (plaintiff's ex-wife), and Jeannie Lowery (plaintiff's former mother-in-law) asked the Jackson County Sheriff's office to investigate incidents of alleged assault and sexual abuse by plaintiff against one or both of his sons. Defendant Linda Jones, an Investigator for Jackson County, conducted the investigation in June 2010. Jones interviewed Jeana Johnson, Jeannie Lowery, and

Jeana Johnson's current husband.  Plaintiff alleges that these individuals made false statements to Investigator Jones in order to gain an advantage in regard to the modification of custody action in Jackson County Chancery Court.  The children were also interviewed, but they denied any assault or sexual abuse by the plaintiff.  Jones obtained a warrant for plaintiff's arrest, and had the Long Beach police department execute the warrant at plaintiff's place of employment.  When plaintiff went before the Justice Court on January 20, 2011, the prosecutor dismissed the charges.  Plaintiff alleges that Jeana Johnson conspired with the other defendants and subjected him to a maliciously prosecution.  He also alleges that Johnson was negligent when she gave a false statement to Jones.

## DISCUSSION

The Negligence Claim:

Jeana Johnson argues that she is entitled to summary judgment in regard to plaintiff's claim of negligence against her because he cannot show that she owed him any duty.  Plaintiff responds that Ms. Johnson had the duty to not make false statements to law enforcement.  He claims Ms. Johnson breached that duty when she made false statements to Investigator Jones.

Neither party cites any legal authority supporting his or her argument.  The Court is unable to locate any case law imposing a duty such as plaintiff suggests. Courts in other states have expressly found that no duty exists, outside the torts of malicious prosecution and defamation, not to falsely accuse someone of criminal wrongdoing.  *See, e.g., Smith v. Sneed*, 938 S.W.2d 181, 184 (Tex. Ct. App. 1997)

(applying Texas law) ("The social policy factors militate against recovery in tort for damage caused by an incorrect, but non malicious, prosecution."); *Cook v. Amer. Gateway Bank*, 49 So. 3d 23, *14 (La. Ct. App. 1 Cir. 9/10/10) ("Mere negligence . . . is insufficient to prove abuse of the conditional privilege for communication of alleged wrongful acts to an official authorized to protect the public from such acts."). Mississippi courts recognize a duty to refrain from knowingly giving false information to law enforcement. *See Bankston v. Pass Rd. Tire Ctr., Inc.*, 611 So. 2d 998, 1005 (Miss. 1992); *Godines v. First Guar. Sav. & Loan Assoc.*, 525 So. 2d 1321, 1325 (Miss. 1988). Knowingly giving false information to law enforcement can subject a citizen to liability for malicious prosecution due to instigation of criminal proceedings. *Bankston*, 611 So. 2d at 1005. The requirement that the false information be given knowingly removes this duty from the realm of negligence. Accordingly, the Court finds that plaintiff is unable to show that Ms. Johnson had a legal duty to refrain from negligently making false statements about him to Investigator Jones. The claim of negligence will be dismissed.

The Statute of Limitations:

Jeana Johnson next argues that the malicious prosecution claim against her should be dismissed because it was filed beyond the one-year statute of limitations for an intentional tort, MISS. CODE § 15-1-35. A malicious prosecution charge accrues on the date charges are dismissed, not on the date of arrest. *McGuffie v. Herrington*, 966 So. 2d 1274, 1277 (Miss. Ct. App. 2007). Plaintiff's charges were

dismissed on January 20, 2011, and he timely filed this lawsuit containing a malicious prosecution claim against Ms. Johnson on January 19, 2012. She is not entitled to dismissal of the malicious prosecution claim on statute of limitations grounds.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [12] filed by defendant Jeana Johnson is **GRANTED** in regard to the negligence claim and **DENIED** in all other respects.

**SO ORDERED AND ADJUDGED** this the 25th day of September, 2012.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE